THE AGUILERA LAW GROUP, APLC
A. Eric Aguilera (SBN 192390)
Lindsee Falcone (SBN 268072)
V. René Daley (SBN 199914)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
lfalcone@aguileragroup.com
rdaley@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut Corporation<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LMID, Inc., *et al.*,<br><br>　　　　Defendants. | Case No. 2:24−cv−01022−SB−JC<br><br>**TRAVELERS' AND LMID'S STIPULATED PROTECTIVE ORDER** |

1

**STIPULATED PROTECTIVE ORDER**

## 1. Purpose and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. Good Cause Statement

This action is likely to involve trade secrets, pricing lists, financial, and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.  Definition**

"Confidential Information" means any document, testimony, information or material (regardless of is generated stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**4.  Designating Material as Confidential Information**

LMID and Travelers may designate as Confidential Information any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in subsections (a), (b), and (c) of this section. Such designation shall subject the information produced or provided under said designation to the provisions of this Order.  All or any portion of any documents, transcripts, writings or recordings of any sort which substantially quote or paraphrase information regarding the Confidential Information shall also be deemed Confidential Information and subject to the terms and conditions of this Order.  The parties shall act in good faith and on a reasonable basis when designating material as Confidential Information.

(a) LMID or Travelers may designate any document produced as

Confidential Information by stamping the word "CONFIDENTIAL" on the face of the writing. Alternatively, LMID or Travelers may designate any writing as Confidential Information by identifying any such document by bates number and designating it as Confidential Information in a letter to the opposing party's counsel submitted with or prior to the production of such document.

  (b) LMID or Travelers may designate deposition testimony or any portion of deposition testimony as Confidential Information by advising the reporter and counsel of such designation. All transcripts of depositions and deposition exhibits, and all information addressed in deposition, shall be treated in their entirety as Confidential Information for twenty (20) business days after such transcripts and exhibits are actually received by counsel for each party. During the twenty (20) day period or thereafter, any party may designate deposition testimony or any portion of deposition testimony as "Confidential Information by advising counsel of such designation. Portions of any deposition designated Confidential Information which are to be filed with the Court shall be filed under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as Confidential Information is identified as an exhibit in connection with testimony given in this case, it shall be so marked and separately filed under seal with the Court.

  (c) LMID or Travelers may designate specific responses to information requests, including requests for production responses and interrogatory answers, as Confidential Information by labeling the specific response "CONFIDENTIAL."

**5. Filing Under Seal.**

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Before LMID or Travelers files any Confidential Information with the Court, that party shall consult Local Rule 79-5 and comply with its requirements in connection with filing Confidential Information under seal.

**6. Access to Confidential Information.**

Except upon prior written consent of the party asserting Confidential Information treatment or upon further order of a court of competent jurisdiction, Confidential Information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to Confidential Information shall be limited to:

(a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) the parties, attorneys representing the parties and paralegal, clerical and secretarial employees of such attorneys ;

(c) the officers, directors, agents or employees of the parties participating in the prosecution, defense, settlement or other disposition of this action;

(d) mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached as Exhibit A;

(e) potential witnesses provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto

as Exhibit A;

(f) any person who is an author, addressee or recipient of, or who previously had access to, the Confidential Information;

(g) deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(h) any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

(i) any other person designated by the Court.

Notwithstanding any provision in this Order, a party may disclose or make Confidential Information available to regulators with supervisory authority over that party, and external auditors and reinsurers of that party who have a business need for that Confidential Information.

**7. Inadvertent Disclosure.**

If LMID or Travelers inadvertently produces or discloses any Confidential Information without marking it as "CONFIDENTIAL", that party may give notice to the receiving party that the information should be treated as Confidential Information in accordance with the terms of this Order and shall forward appropriately stamped copies of the items in question or otherwise follow the procedures in this Order for designating such information as Confidential Information. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party (at the expense of the party that inadvertently produced the Confidential Information) shall return the previously unmarked items and all copies thereof. Inadvertent disclosure shall not be deemed a waiver of confidentiality.

**8. Copying and Storage of Confidential Information.**

Neither LMID nor Travelers shall, for itself or for any other person or

persons, make more copies of any Confidential Information than are reasonably necessary to conduct this litigation.  Except as otherwise provided in this Order, all Confidential Information shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

**9.  Challenges to Confidential Designations.**

If LMID or Travelers objects to the designation of any document, testimony, information or material as Confidential Information, the objecting party may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation.  Unless and until the Court enters an order to the contrary, the document, testimony, information or material shall be treated as Confidential Information as provided for in this Order.

**10.  Use of Confidential Information**

Should LMID or Travelers seek to utilize any Confidential Information at trial, deposition or a hearing in this matter, that party shall meet with counsel for the other party in an effort to agree upon a procedure to insure the confidentiality of such Confidential Information.  In the event counsel are unable to reach agreement, the matter may be submitted to the Court.

**11.  Efforts by Non-Parties to Obtain Confidential Information**

If LMID or Travelers obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process from any entity other than LMID or Travelers commanding the production of such Confidential Information, such party shall use reasonable efforts to promptly notify the party that designated the Confidential Information as Confidential Information.  The party receiving the subpoena or other process may thereafter produce the Confidential Information in compliance with the

subpoena or other process unless the designating party obtains an order quashing the subpoena or releasing the receiving party from the obligation to produce the Confidential Information.

**12. Improper Disclosure.**

If LMID or Travelers discloses Confidential Information to any person other than in a manner authorized by this Order, that party shall promptly inform the party that provided the Confidential Information about the disclosure, shall endeavor in good faith to retrieve such Confidential Information and prevent its further disclosure.

**13. Effect of Order.**

This Order shall not affect the right of any party or non-party to oppose production of documents or other information on any ground permitted by the Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party under the Rules of Civil Procedure or the admissibility of any evidence in this action.

**14. Application to Court.**

Any interested party may apply to the Court for an order permitting the disclosure of any Confidential Information or for an order modifying or limiting this Order in any respect.

**15. Continuing Jurisdiction.**

All provisions of this Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Order.

**STIPULATED PROTECTIVE ORDER**

| | | |
|---|---|---|
| 1 | DATED: October 11, 2024 | THE AGUILERA LAW GROUP, APLC |

*/s/ V. Rene Daley*
_____
A. Eric Aguilera
Lindsee Falcone
V. René Daley
Counsel of record for plaintiffs Travelers Casualty Insurance Company of America

DATED: October 11, 2024    TESSER GROSSMAN LLP

[1]

/s/ *Brian M. Grossman*
_____
Brian M. Grossman
Robert Paredes
Counsel of record for defendant LMID, Inc.

IT IS SO ORDERED with the following modifications: (1) As to Paragraph 10, notwithstanding any agreement of the parties/counsel, the use of Confidential Information at a trial or hearing in this matter will be governed by the Order(s) of the presiding judicial officer; and (2) As to Paragraph 11, the last sentence has been modified to read: "The party receiving the subpoena or other process may thereafter produce the Confidential Information in compliance with the subpoena or other process unless the designating part obtains an order quashing the subpoena or releasing the receiving party from the obligation to produce Confidential Information."

DATED: October 17, 2024

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1] The filing attorney, V. René Daley, certifies that Brian M. Grossman authorized Mr. Daley to affix Mr. Grossman's electronic signature to this stipulation and approves of the filing of this stipulated protective order.

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## Consent to Protective Order

1. I, _____, have read the foregoing Protective Order and Confidentiality Agreement dated ___October 17, 2024___ (the "Protective Order"), and agree to be bound by its terms with respect to any documents, testimony, material or information designated or marked "CONFIDENTIAL" ("Confidential Information") that are furnished to me as set forth in the Protective Order.

2. I further agree (i) not to disclose to anyone any Confidential Information other than as set forth in the Protective Order; and (ii) not to make any copies of any Confidential Information furnished to me except for use in accordance with the Protective Order; and (iii) not to use any Confidential Information provided to me in connection with this litigation for any purposes other than those of prosecuting and/or defending this action as set forth in the Protective Order.

3. I hereby consent to the jurisdiction of the ___Central District of California___ Court with regard to any proceedings to enforce the terms of the Protective Order.

9

**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER**